# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:07CV406-MU-02

| | | |
|---|---|---|
| RODREKIS LEWIS, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
|      v. | ) | |
| | ) | |
| (FNU) THOMAS, Nurse at | ) | |
|   the Lanesboro Correc- | ) | |
|   Mountainview Correc- | ) | |
|   tional Institution[1]; | ) | |
| SAMUEL DAWKINS, Physi- | ) | |
|   cian at LCI; | ) | |
| (FNU) IGWILO, Physician | ) | <u>O R D E R</u> |
|   at LCI; | ) | |
| RICK JACKSON, Superinten- | ) | |
|   dent at LCI; | ) | |
| (FNU) SNUGGS, Nurse at | ) | |
|   LCI; | ) | |
| FINESSE G. COUCH, Grie- | ) | |
|   vance Director at LCI; | ) | |
| K. KEILER, Nurse at LCI; | ) | |
| (FNU) DRIGBERS, Account | ) | |
|   Technician at LCI; and | ) | |
| GUARD HALL, Sergeant at | ) | |
|   LCI, | ) | |
| | ) | |
|    Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on an initial review of the instant civil rights Complaint under 42 U.S.C. §1983, filed September 26, 2007.

---

[1]Lanesboro Correctional Institution hereafter will be referred to as "LCI."

By this 33-page Complaint, the plaintiff purports to set forth claims on behalf of himself and several other inmates, essentially alleging gross medical malpractice, deliberate indifference to serious medical needs, cruel and unusual punishment, and unlawful seizure of personal property. Indeed, the plaintiff alleges that back in late June 2004 through early July 2004, he and/or the other putative plaintiff's contracted MRSA, but initially were erroneously diagnosed and treated for spider bites; that even after having been properly diagnosed with MRSA, they were not given adequate treatment for their condition; and that several of the medical staff members named in this action were indifferent to their complaints of pain and discomfort, and their need for treatment.

Further, it appears that the named plaintiff is complaining that during that same brief time period, on one or more occasions he was placed in segregation without adequate clothing, water or bedding items; and that during those periods of segregation, prison guards left his assigned cell open and unattended, thereby resulting in certain unidentified pieces of his personal property being stolen by other inmates.

Last, the plaintiff alleges that on August 22, 2004, he asked for permission to call his attorneys, and for four "DC-410 Bs." Although he does not say so, the Court presumes that those requests were denied. Additionally, the plaintiff alleges that

such August 2004 date was "Clothes Exchange" day; however, he did not have any clothes to exchange for clean ones.  Again, the plaintiff does not say so, but the Court also presumes that he was unable to participate in the clothes exchange on that occasion.

In any event, after having carefully considered the above matters, this Court has determined that the instant Complaint must be dismissed with prejudice.

Briefly, as already has been noted, the plaintiff claims that this action is being brought by him along with several other inmates. Oddly, however, the Complaint does not contain the sig-natures of any of the putative plaintiffs.  Nor did the putative plaintiffs submit their own filing fees for this action or, in the alternative, their own Applications to Proceed In Forma Pauperis.  Consequently, the additional persons whom the plain-tiff has identified in his Complaint cannot be deemed proper parties to this action, and so the subject allegations cannot be considered as to them.

Furthermore, the Court finds that Mr. Lewis cannot proceed with this Complaint because the allegations set forth therein are time-barred.   To be sure, there is no federal statute of limita-tions for §1983 actions.  Burnett v. Grattan, 468 U.S. 42, 49 (1984); Cox b. Stanton, 529 F.2d 47, 49-50 (4th Cir. 1975).  Thus, federal courts apply the State limitations period for

personal injury actions.  <u>Wilson v. Garcia</u>, 471 U.S. 261, 276

(1985).  Here in North Carolina, the applicable limitations

period is three years.  <u>Brooks v. City of Winston-Salem</u>, 85 F.3d

178, 181 (4th Cir. 1996).

A review of the plaintiff's Complaint reflects that even

when giving him the benefit of the doubt, the last alleged

violation of his rights occurred no later than August 22, 2004.[2]

However, the plaintiff did not even sign his Complaint until

August 30, 2007--eight days <u>after</u> the expiration of the three-

year limitations deadline.  Thus, by the time that the plaintiff

finished drafting his Complaint, it clearly was time-barred and

subject to summary dismissal on that basis.

Moreover, the Court has observed that since the Complaint

was not signed until after the expiration of the applicable

deadline, the plaintiff cannot possibly avail himself of the

benefits of the so-called "mail box" rule announced in <u>Houston v.

Lack</u>, 487 U.S. 266 (1988).  To put it simply, on this record the

plaintiff could not possibly have delivered his Complaint to any

prison employee for mailing to the Court prior to the time that

the three-year deadline had expired.  Accordingly, this Complaint

---

[2]Realistically, neither the matters complained about from August 2004
nor July 2004 likely can be treated as events from which the three-year
limitations period should be calculated.  Indeed, the plaintiff's Complaint
fails to reveal that he filed grievances for those issues, but instead re-
flects that he "hand served [his] Grievance on 6-28-04 . . . ," that is,
before the July and August events reportedly took place.  Thus, such grievance
likely only involved the matters which allegedly occurred in late June 2004.

must be <u>dismissed</u>.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's Complaint

is **DISMISSED** for its failure to state a claim upon which relief

could be granted.  <u>See</u> 28 U.S.C. 1915(e)(2)(B)(ii).

**SO ORDERED.**

Signed: October 9, 2007

Graham C. Mullen
United States District Judge